Richmond

## KATHRYN R. PROHM

v.

## JAMES E. ANDERSON, ET AL.

June 8, 1979.

Records Nos. 771249 and 771317.

Present: All the Justices.

Joseph L. Duvall (George A. Judge; Duvall, Tate & Bywater, Ltd., on briefs), for appellant, (Records Nos. 771249 and 771317).

*Stephen L. Altman; Anthony E. Grimaldi (William J. Virgulak, Jr.; Gary A. Godard; Doherty, Sheridan, Grimaldi & Shevlin; Donahue & Ehrmantraut,* on briefs), for appellees. (Records Nos. 771249 and 771317).

COCHRAN, J., delivered the opinion of the Court.

These medical malpractice cases involving the same parties were dismissed in the trial court on the pleadings. On appeal, the cases were consolidated for argument because of their interrelationship and identity of parties and counsel.

### 1. Record No. 771249.

On July 7, 1976, Kathryn R. Prohm filed a motion for judgment for damages in the trial court against Dr. James E. Anderson, the Fairfax Hospital Association, and "Jane Doe", an unidentified nurse employed by the Hospital Association, for personal injuries alleged to have been negligently inflicted upon Mrs. Prohm during childbirth on July 12, 1974. Under Code § 8-24 (now § 8.01-243), personal injury actions are barred unless brought within two years after the cause of action shall have accrued. Anderson and the Hospital Association filed pleas in abatement; the unidentified nurse made no appearance.

In a letter opinion dated October 4, 1976, the trial court ruled that compliance with the prior notice requirement of Code § 8-912[1] (now § 8.01-581.2), which became effective July 1, 1976, was mandatory. Pursuant to that ruling, the pleas in abatement were sustained by order entered November 12, 1976, and the action was dismissed, without prejudice, on the ground that Mrs. Prohm had failed to give the required notice before filing her motion for judgment. No appeal from this order was taken.

---

[1]"§ 8-912. Notice of claim for medical malpractice required; request for review by medical malpractice review panel. — No action may be brought for malpractice against a health care provider unless the claimant notifies such health care provider in writing prior to commencing the action. The written notification shall include the time of the alleged malpractice and a reasonable description of the act or acts of malpractice. The claimant or health care provider may within sixty days of such notification file a written request for a review by a medical review panel established as provided in § 8-913. The request for review shall be mailed to the Chief Justice of the Supreme Court of Virginia. No actions based on alleged malpractice shall be brought within ninety days of the notification by the claimant to the health care provider and if a panel is requested within the period of review by the medical review panel."

On March 25, 1977, Code § 8-924[2] (now § 8.01-581.12:2), which expressly excluded causes of action arising prior to July 1, 1976, from the requirements of Code § 8-912, became effective. Thereafter, Mrs. Prohm moved the trial court to reinstate her action, but, by order entered June 10, 1977, the motion was denied, and Mrs. Prohm appealed.

The trial court had no jurisdiction to take any action upon Mrs. Prohm's motion to reinstate. The order of November 12, 1976, dismissing her action without prejudice, remained under the control of the trial court and subject to modification, vacation, or suspension for only 21 days after the date of entry. Rule 1:1; *Lyle and Allen* v. *Ekleberry,* 209 Va. 349, 351, 164 S.E.2d 586, 587 (1968). As no order modifying, vacating, or suspending the November 12, 1976, order was entered within the prescribed period of 21 days, the court lost jurisdiction over the action upon the expiration of that time. *See Hirschkop* v. *Commonwealth,* 209 Va. 678, 680, 166 S.E.2d 322, 323, *cert. denied,* 396 U.S. 845 (1969). No notice of appeal was filed within 30 days, as mandated by Rule 5:6, as a prerequisite to appeal. Thus, the ruling of the court embodied in the final order of November 12, 1976, became the uncontroverted law of the case, and could not be affected by the subsequent enactment of Code § 8-924. The order of June 10, 1977, was a nullity, and Mrs. Prohm could not appeal from it.

2. Record No. 771317.

On October 15, 1976, Mrs. Prohm gave notice of her claim pursuant to the provisions of Code § 8-912, and on November 16, 1976, she filed in the trial court a new motion for judgment against the same defendants for the same injuries. Dr. Anderson and the Hospital Association filed pleadings, including pleas in bar based upon the two-year statute of limitations; "Jane Doe" again did not appear. The trial court ruled that the statute of limitations barred the second action and, by order entered June 20, 1977, sustained the pleas in bar and dismissed the action. Mrs. Prohm appealed from this final order.

---

[2]"§ 8-924. **Chapter not applicable to certain actions arising prior to July one, nineteen hundred seventy-six.** — The provisions of this chapter shall not apply to any cause of action which arose prior to July one, nineteen hundred seventy-six, and as to which the statute of limitations had not run prior to that date, regardless of the date any suit brought thereon is filed. Notwithstanding the foregoing, in actions which accrued prior to July one, nineteen hundred seventy-six, if a claimant has filed notice under § 8-912 of this chapter, his cause of action and any defense thereto shall be governed by this chapter."

Mrs. Prohm contends that the statute of limitations was tolled as to her second action during the pendency of her first action. Under this theory, the running of the statute would have been suspended when she filed her first motion for judgment on July 7, 1976, five days before the expiration of the two-year limitation period. When the action was dismissed on November 12, 1976, she filed her second motion for judgment within five days thereafter, namely, on November 16, 1976, when, by her reckoning, she had one day remaining before her cause of action was barred.

■ However, tolling of the statute of limitations during the pendency of an action was controlled in this case by Code § 8-34[3] (now significantly expanded as § 8.01-229 E). We have recognized only the four exceptions expressly enumerated in the statute. *Jones* v. *Morris Plan Bank*, 170 Va. 88, 91-93, 195 S.E. 525, 525-26 (1938). *See Woodson* v. *Commonwealth Util., Inc.*, 209 Va. 72, 74, 161 S E.2d 669, 670-71 (1968). None of the four exceptions applies in the present case, and we are not disposed, as counsel for Mrs. Prohm urges, to disregard *Jones* and *Woodson* and create an exception for her benefit where none exists under the statute. Therefore, we hold that the statute of limitations was not tolled as to the second action during the pendency of the first action.

■ Nor do the provisions of Code § 8-919[4] (now § 8.01-581.9) apply. The giving of notice pursuant to Code § 8-912 tolls the statute of limitations for 120 days, but such notice was not given by Mrs. Prohm until October 15, 1976, at which time the statute had already run.

---

[3] "§ 8-34. Further time given when suit abates or is defeated on ground not affecting the right to recover. — If an action or suit commenced within due time in the name of or against one or more plaintiffs or defendants abate as to one of them by the return of no inhabitant or by his or her death or marriage, or if in an action or suit commenced within due time judgment or decree for the plaintiff shall be arrested or reversed upon a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of the loss or destruction of any of the papers or records in a former suit or action which was in due time; in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, or such arrest, or reversal of judgment or decree, or such loss or destruction, but not after."

[4] "§ 8-919. Notice of claim to toll statute of limitations; when notice of claim or request for review deemed given. — The giving of notice of a claim pursuant to § 8-912 shall toll the applicable statute of limitations for and including a period of one hundred twenty days following the notice to the health care provider as specified in § 8-912, or sixty days following issuance of any opinion by the medical review panel, whichever is later."

* * *

Accordingly, we conclude that the trial court did not err in ruling that Mrs. Prohm's second action was barred by the statute of limitations.

For the reasons assigned, we will affirm the judgment of the trial court in each case.

*Affirmed as to Record No. 771249.*
*Affirmed as to Record No. 771317.*