## CIRCUIT COURT OF FAIRFAX COUNTY

Mosher

v.

Fields

October 18, 1991

Case No. (Law) 91434

By JUDGE ROSEMARIE ANNUNZIATA

This action is currently before the Court on the Defendant's Motion to Set Aside the Judgment against him. On June 19, 1989, the plaintiff in this case filed a Motion for Judgment seeking damages from the defendant in the amount of $100,000. On July 24, 1989, the defendant, by counsel, filed an Answer to the Motion for Judgment. Janice Brice, an attorney with the law firm of Peterson & Pesner, P.C., at its offices in Woodbridge, Virginia, signed the pleading and filed it on behalf of the defendant.

Plaintiff's counsel subsequently mailed interrogatories to the defendant's counsel on December 22, 1989. Almost one year later, the defendant still had not answered the interrogatories sent to his counsel. An order compelling the defendant to answer the interrogatories by December 12, 1990, was seen and signed by the defendant, but not by his counsel, and entered by this Court on December 7, 1990.

On December 28, 1990, defendant's answers to the interrogatories still had not been received by the plaintiff or her counsel. Consequently, plaintiff's counsel sent notice to the defendant's counsel of record, Peterson & Pesner, P.C., that the plaintiff would move the Court for summary judgment against the defendant on January 4, 1991.

Ms. Brice was no longer with the firm at the time notice of the motion for summary judgment was received, and had advised Mr. Fields that as of July 1, 1990, she could no longer represent him because, as of that date, she was to become a member of the bench in Prince William County. The firm of Peterson & Pesner, P.C., however, did not withdraw from the case and remained counsel of record on the date of the notice. The evidence shows that, although the Woodbridge address was no longer being used by Peterson & Pesner, it remained the firm's address of record.

Neither the defendant nor his counsel of record appeared in court to oppose the motion for summary judgment, and on January 8, 1991, the Court entered judgment against the defendant in the amount of $100,000. The defendant, by new counsel, filed a motion to set aside the judgment entered against him. The defendant argues that the judgment should be set aside because he did not receive notice of the summary judgment motion. For the reasons stated below, the defendant's motion is denied.

On July 24, 1989, when the defendant's attorney signed and filed an Answer on his behalf, both the attorney and her law firm made an appearance for the defendant and became counsel of record in the case. Va. Sup. Ct. Rule 1:5. Because Peterson & Pesner, P.C., did not withdraw "by leave of court after notice to the client", the firm remains counsel of record and was counsel of record throughout the summary judgment proceeding initiated by the plaintiff. *Virginia Dept. of Corrections v. Crowley*, 227 Va. 254, 255-56 (1984).

Rule 1:12 of the Virginia Supreme Court Rules provides that "all pleadings not otherwise required to be served . . . shall be served on each counsel of record by delivering or mailing a copy to him on or before the day of filing." Va. Sup. Ct. Rule 1:12. A summary judgment motion is not required to be served formally, and, therefore, may be served by mailing a copy of the motion to counsel of record. Here, the plaintiff complied with Rule 1:12 by mailing notice and a copy of the motion for summary judgment to Peterson & Pesner, P.C., which remained counsel of record.

Section 8.01-314 provides that "[w]hen an attorney authorized to practice law in this Commonwealth has entered a general appearance for any party, any process or order

or other legal papers to be used in the proceeding may be served on such attorney of record. Such service shall have the same effect as if service had been made upon such party personally." Va. Code Ann. § 8.01-314 (Repl. Vol. 1984). When the plaintiff's summary judgment motion was served on counsel of record by mailing a copy of the motion to Peterson & Pesner, P.C., such service had the same effect as if service had been made upon the defendant personally. Therefore, the defendant effectively had notice of the motion for summary judgment, and his motion to set aside the judgment for improper notice must be denied.