# COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia

MARY W. STULTZ, (Deceased), BY HER
 PERSONAL REPRESENTATIVE MARY A. GOOD,
 EXECUTRIX OF ESTATE OF MARY W. STULTZ,
 ET AL.
                                        MEMORANDUM OPINION[*] BY
v.   Record No. 0070-98-4             JUDGE ROSEMARIE ANNUNZIATA
                                          NOVEMBER 24, 1998
HELEN STULTZ ALBAUGH


             FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                       James L. Berry, Judge

         David H. N. Bean for appellants.

         No brief or argument for appellee.


     Mary A. Good ("appellant") was convicted in the Circuit

Court of Frederick County of contempt.  On appeal, appellant

contends that the trial court no longer had jurisdiction to enter

the order upon which appellant's conviction is based.  We agree

and reverse.

     On May 1, 1997, the trial court entered an order

(hereinafter "the May Order") fully distributing the settlement

proceeds of a wrongful death action and approving the

disbursement of precise amounts for the coverage of certain

expenses, with the remainder of such proceeds to be paid to

appellee.  The May Order contained no restrictions as to when the

approved amounts should be disbursed; however, it did state in

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

closing, "And this cause is ENDED." Pursuant to the May Order, appellant, as personal representative and co-executor of the estate, disbursed approved funds to herself. The trial judge entered a second order on June 1, 1997, requiring appellant to return the funds to the court. Upon her failure to do so, the trial judge found appellant in contempt by order of July 24, 1997.

In this case, the trial court's May Order is a final one. A final order is "one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." Marchant & Taylor v. Mathews County, 139 Va. 723, 734, 124 S.E. 420, 423 (1924) (citing 4 Minor's Institute, 860), quoted in Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964). The May Order fully disposed of the proceeds of a wrongful death settlement, which was the "whole subject" before the court. Moreover, by ruling on the distribution of the proceeds, the order provided all the relief contemplated and left nothing to be done except for ministerially superintending its execution. Finally, the order plainly stated in closing, "And this cause is ENDED."

All final judgments, orders, and decrees remain under the trial court's control for 21 days after their date of entry and may only be modified, vacated, or suspended during that time.

2

Rule 1:1. The running of time under Rule 1:1 may be interrupted only by entering a suspending or vacating order. School Bd. of City of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989). If no such order is entered, the trial court loses jurisdiction after 21 days. In re Commonwealth Dept. of Corrections, 222 Va. 454, 464, 281 S.E.2d 857, 862-63 (1981). As the May Order is a final judgment, which was neither suspended nor vacated, the trial court did not have jurisdiction over appellant when it entered its order of June 1, 1997, requiring her to return disbursed funds. The court lost jurisdiction over appellant 21 days after the May Order's entry.

Judgments entered by a court without jurisdiction over the subject matter or the parties are void. Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987); Virginia Dept. of Corrections v. Crowley, 227 Va. 254, 264, 316 S.E.2d 439, 444 (1984). Because appellant's conviction of contempt was based on the trial court's orders of June 1 and July 24, 1997, both of which were void, we reverse.

Reversed and dismissed.

3