COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Senior Judge Hodges
Argued at Richmond, Virginia


THOMAS A. CHILTON, JR.

                                                MEMORANDUM OPINION* BY
v.        Record No. 0789-02-2                  JUDGE WILLIAM H. HODGES
                                                JANUARY 28, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Wiley R. Wright, Jr., Judge Designate

Matthew P. Geary for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Thomas Chilton, appellant, contends the trial court erred in ruling that it did not have

jurisdiction to reconsider his sentence.  We disagree and affirm the ruling of the trial court.

Background

On December 14, 1999, a jury returned verdicts finding Chilton guilty of robbery, use of a

firearm in the commission of a robbery and entering a banking house armed with a deadly weapon.

On February 15, 2000, the trial court sentenced Chilton to "[i]ncarceration with the Virginia

Department of Corrections."

On July 31, 2000, Chilton filed a petition in this Court appealing those convictions.  Chilton

v. Commonwealth, Record No. 0442-00-2 (Va. Ct. App.).  He argued that the trial court erroneously

instructed the jury and that there was insufficient evidence to support the use of a firearm

conviction.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

By letter dated August 25, 2000, and filed in the trial court on August 31, 2000, Chilton informed the clerk of the trial court that he had "been *transferred from the Pamunkey Regional Jail to Dillwyn Correctional Center*, P.O. Box 670, Dillwyn, VA 23936." (Emphasis added.)

An order dated and entered on August 31, 2000 reflected that Chilton moved the trial court for post-conviction bail and "to allow him to remain in the Pamunkey Regional Jail during his appeal." The trial court noted that Chilton "*has already been transferred to the Department of Corrections*." (Emphasis added.) Nonetheless, it granted Chilton's motion that he be "returned to the Pamunkey Regional Jail."

In a handwritten letter dated October 1, 2000, and filed in the trial court on October 10, 2000, Chilton advised the clerk of the trial court that he had been "transferred back to the Pamunkey Regional Jail." In that letter, Chilton requested a copy of his sentencing order.

On October 19, 2000, a judge of this Court granted in part and denied in part Chilton's petition for appeal. Chilton requested a three-judge review pursuant to Code § 17.1-407(D), and on January 17, 2001, the three-judge panel denied the issues that were brought before it.

On June 22, 2001, while his appeal was pending before this Court, Chilton filed in the trial court a *pro se* motion for a new trial based on after-discovered evidence.

On August 13, 2001, the trial court appointed Matthew P. Geary, Esq., to represent Chilton.

By unpublished opinion dated August 28, 2001, a panel of this Court affirmed the convictions for robbery and entering a banking house and reversed the use of a firearm conviction.

On September 24, 2001, Chilton filed in the trial court a *pro se* motion, seeking a new trial or sentence reduction. On that same date, Chilton's appointed counsel (Mr. Geary), filed a supplemental motion for a new trial or for sentence reduction. Chilton cited Code § 19.2-303 in support of his motion to reduce or modify his sentence.

On October 23, 2001, Chilton filed a motion to recuse the trial judge from hearing the motion for new trial or reduction in sentence. Judge Alderman granted that motion on November 9, 2001.

On November 15, 2001, Judge Revercomb ordered that Chilton remain at the Pamunkey Regional Jail "through the completion of these matters on December 20, 2001."

By order dated December 20, 2001, Judge Revercomb "found it would be inappropriate for [him] to hear these matters" and requested the Supreme Court appoint a judge "to hear these matters." The trial court ordered that Chilton "remain at the Pamunkey Regional Jail."

On February 4, 2002, Judge Wright heard Chilton's motion for a new trial or reconsideration of sentence. "After hearing argument of counsel, the Court [found], pursuant to Rule 1:1, it is without jurisdiction to entertain the Defendant's Motion for New Trial."

On February 7, 2002, Chilton filed a *pro se* motion for the trial court "to issue an order for him to stay at the Pamunkey Regional Jail and not be transferred to the Virginia Department of Corrections until final adjudication of a motion to set aside this Court's ruling of Feb. 4, 2002 which will be filed shortly by counsel in this Court."

On February 11, 2002, Chilton filed a *pro se* motion to set aside the trial court's jurisdictional ruling.

On February 12, 2002, Chilton's court-appointed attorney filed a motion to reconsider the trial court's February 4, 2002 ruling, attaching a copy of Chilton's previously filed *pro se* motion.

Discussion

Rule 1:1, provides in pertinent part:

> All final judgments, orders, and decrees, irrespective of terms of
> court, shall remain under the control of the trial court and subject
> to be modified, vacated, or suspended for twenty-one days after the
> date of entry, and no longer.

Code § 19.2-303 provides an exception to Rule 1:1 under certain limited circumstances, as follows:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.

"By its express terms, Code § 19.2-303 permits the trial court . . . to retain jurisdiction beyond the twenty-one-day limit of Rule 1:1 to 'suspend or otherwise modify the unserved portion of such a sentence'" only if the defendant "'has not actually been transferred'" to the Department of Corrections. Patterson v. Commonwealth, 39 Va. App. 610, 617, 575 S.E.2d 583, 586 (2003) (quoting Code § 19.2-303).

Chilton was sentenced for a felony on February 15, 2000, and was thereafter transferred to the Department of Corrections. In his letter filed on August 31, 2000, Chilton advised the trial court he had been transferred to a Department of Corrections facility. Chilton's August 2000 transfer to the Department of Corrections divested the trial court of its authority under Code § 19.2-303 to retain jurisdiction over the case. See Russnak v. Commonwealth, 10 Va. App. 317, 324, 392 S.E.2d 491, 495 (1990).

Because the trial court no longer had jurisdiction over Chilton's case, its August 31, 2000 order and all subsequent orders were void. See Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987); Virginia Dept. of Corrections v. Crowley, 227 Va. 254, 264, 316 S.E.2d 439, 444 (1984). Thus, in its February 4, 2002 order, the trial court properly found it no longer retained jurisdiction over the matter pursuant to Rule 1:1. The effect of the trial court's ruling was to implicitly nullify and hold as void all the orders issued subsequent to August 2000. See Crowley, 227 Va. at 260, 316 S.E.2d at 442 (noting Court's express holding that Rule 1:1 is not a limitation

on power and authority of trial courts to vacate void orders).  Because the trial court lacked jurisdiction to entertain arguments or issue orders after Chilton's transfer to the Department of Corrections, other than those addressing lack of jurisdiction, the trial court did not err in ruling it was without jurisdiction.

Affirmed.