*215 FELTON, Chief Judge.
The Daily Press, Inc. and Ashley Kelly (collectively “appellants”) appeal from an order of the Circuit Court of the City of Newport News (“trial court”) directing the Commonwealth and defense counsel in the case of Commonwealth of Virginia v. Lillian Callender (Nos. CR10-01420, CR10-01421, and CR10-01422) [hereinafter Callender ] to remove original photographs and an autopsy report, admitted into evidence during the Callender trial, from the public court file in that case, and placing photocopies of the exhibits that were retained in the court file under seal. Appellants assert the trial court failed to make the required findings under Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986), prior to ordering the exhibits and photocopies sealed, that the order was not the least restrictive means of protecting the interests identified by the trial court, and that the order violated appellants’ right to access public judicial records, in violation of the United States and Virginia Constitutions and Code § 17.1-208.[1]
I. BACKGROUND
On August 9, 2010, a grand jury in the City of Newport News indicted Lillian Callender and Michael Stoffa for felony child neglect of Callender’s seventeen-month-old and twenty-seven-month-old daughters, in violation of Code § 18.2-371.1(A), and for second-degree murder of Callender’s seventeen-month-old daughter, in violation of Code § 18.2-33. Following a bench trial on January 24, 2011, the trial court convicted Callender of second-degree murder of her seventeen-month-old daughter and felony child neglect of both *216 daughters.[2] The trial court sentenced Callender on July 21, 2011.
In March 2011, Kelly, a reporter for The Daily Press, Inc., requested permission from the clerk of the trial court to review the public court file related to Callender’s trial. The clerk denied appellants’ request. On March 28, 2011, without notice or hearing,[3] the trial court entered an order sealing the entire court file “from the public until the conclusion of [Callender’s and Stoffa’s] cases.” On April 12, 2011, appellants filed a consolidated motion to intervene in Callender and for the trial court to unseal the court file in that case. Appellants argued that the trial court’s order to place the public court file under seal violated the First Amendment to the United States Constitution, provisions of the Virginia Constitution, and Code § 17.1-208.
On April 20, 2011, at a hearing on appellants’ motions, the trial court granted appellants’ motion to intervene in Callender without hearing argument, “finding that [appellants] [are] a proper party to this hearing.” The trial court further “[found] that the [o]rder entered March 28, 2011 was over-broad in sealing the entire file.” After hearing argument *217 from the parties, the trial court stated that “the exhibits, the pictures, [and] the medical reports” admitted into evidence during Callender’s bench trial “have not, to my knowledge, been open to the public other than by submission to this [c]ourt.” The trial court stated its concern for Stoffa’s “due process” rights and his interest in “not allow[ing]” the exhibits and photographs admitted into evidence in Callender “to be disseminated until [they are] properly introduced by the Commonwealth and accepted by th[e] [trial] [c]ourt against [Stoffa].” The trial court stated that “[t]he [c]ourt’s consideration is the dissemination and publication of information contained in the original exhibits prior to the introduction of those documents by the Commonwealth.”
The trial court, over appellants’ objections, ordered the clerk of the court “to secure the withdrawal of the original exhibits [admitted into evidence at Callender’s trial] and to place under seal the photocopies of same to be retained in the Callender file.” It further ordered the clerk of the court to release the original exhibits to the Commonwealth and Callender’s counsel for use at Stoffa’s upcoming trial. It ordered the Commonwealth and Callender’s counsel to return the original exhibits “to the Callender file should an appeal be noted in her case” and, in any event, to return the exhibits to the court file “after the trial of Michael Stoffa has concluded.” Finally, the trial court ordered “that the remainder of [the court] file shall be available for public inspection,” and “[o]ther than the exhibits withdrawn as authorized above, as well as copies thereof secured by the clerk, and other reports customarily deemed confidential and not available for public inspection, the [c]ourt’s [March 28, 2011] [o]rder to seal is rescinded.”
On May 6, 2011, appellants petitioned this Court to issue a writ of mandamus ordering the trial court to vacate its April 22, 2011 order in which it permitted the Commonwealth and Callender’s counsel to withdraw the original trial exhibits from the Callender court file and sealed the photocopies of the exhibits that were retained in that file. We denied appellants’ *218 petition for a writ of mandamus by order on May 24, 2011, concluding that
[t]he trial court had no duty to seal the trial exhibits, and its decision to do so involved an exercise of the court’s discretion. See [Perreault v. The Free Lance-Star, 276 Va. 375, 389, 666 S.E.2d 352, 360 (2008) ]. Accordingly, mandamus does not lie to order the trial court to reverse a decision reached in its discretion.
In re The Daily Press and Ashley Kelly, No. 0924-11-1 (Va.Ct.App. May 24, 2011).
On August 26, 2011, appellants petitioned this Court for appeal from the trial court’s order permitting the removal of the original trial exhibits by the Commonwealth and Callender’s counsel and sealing the photocopies of the exhibits retained in the Callender court file. We granted appellants’ petition for appeal on October 27, 2011. In addition to the two assignments of error raised in appellants’ petition, we ordered additional briefing from the parties addressing (i) whether appellants’ assignments of error were waived under Rule 5A:18 and (ii) whether we had jurisdiction to hear an appeal from the order of the trial court sealing the file in part in this case.
II. ANALYSIS

Jurisdiction

The threshold question presented is whether Code § 17.1-406(A)(i) confers jurisdiction on this Court to hear an appeal from an order of the trial court permitting the Commonwealth and Callender’s counsel to withdraw original trial exhibits from the Callender court file and placing photocopies of the exhibits that were retained in that file under seal. Appellants assert that this Court is the proper venue for their appeal because, as third-party interveners in Callender, they constitute an “aggrieved party” petitioning for appeal from a “final conviction in a circuit court,” pursuant to Code § 17.1-406(A)(i). The Commonwealth contends this Court is not the proper venue for this appeal because appellants merely chai *219 lenge an ancillary or procedural order of the trial court; are not aggrieved by Callender’s conviction in the trial court; and do not challenge Callender’s conviction or sentence. Code § 17.1-406(A)(i).
Code § 17.1-406(A)(i) provides, in pertinent part, that “[a]ny aggrieved party may present a petition for appeal to the Court of Appeals from (i) any final conviction in a circuit court of ... a crime, except where a sentence of death has been imposed____”

(i) Interpreting Code § 17.1-I06(A)(i)

When interpreting statutory language that
“is plain and unambiguous, we are bound by the plain meaning of that statutory language. Thus, when the General Assembly has used words that have a plain meaning, courts cannot give those words a construction that amounts to holding that the General Assembly meant something other than that which it actually expressed.”
Beck v. Shelton, 267 Va. 482, 488, 593 S.E.2d 195, 198 (2004) (quoting Lee County v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002)). Where bound by the plain meaning of the language used in a statute, we are not permitted “to add to or subtract from the words used in the statute.” Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918). We adhere to the principle that “we must ... assume ... the legislature chose, with care, the words it used when it enacted the relevant statute.” Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). It is incumbent upon us to give reasonable effect to every word. Moyer v. Commonwealth, 33 Va.App. 8, 35, 531 S.E.2d 580, 593 (2000) (en banc). In giving reasonable effect to every word, we presume the legislature used the word in its ordinary sense in the absence of a specific, statutory definition. Id.
The legislature chose to use the words “from a final conviction in a circuit court of ... a crime” in delineating our jurisdiction under Code § 17.1-406(A)(i). (Emphasis added). *220 Black’s Law Dictionary 335 (7th ed.1999) defines the word “conviction” as “[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty.” Here, appellants do not appeal from the process utilized in “finding [Callender] guilty of a crime,” nor do they appeal from Callender’s “having been proved guilty” of felony child neglect and second-degree murder. Id. It would strain the ordinary meaning of the word “conviction,” as it is used in Code § 17.1—406(A)(i), to interpret the Court as having jurisdiction over an appeal that arises by virtue of an order of the trial court that is wholly ancillary to, and has no bearing at all on, Callender’s conviction. See Melanson v. Commonwealth, 261 Va. 178, 183, 539 S.E.2d 433, 435 (2001) (“‘The plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.’ ” (quoting Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998))).
Further, in demarcating our appellate jurisdiction under Code § 17.1-406(A)(ii)-(iv), not in issue here, the General Assembly authorized this Court to entertain appeals from, respectively, “any final decision of a circuit court,” “any final order of a circuit court,” and “any final order for declaratory or injunctive relief.” (Emphases added). “When the General Assembly uses different terms in the same act, it is presumed to mean different things.” Campbell v. Commonwealth, 13 Va.App. 33, 38, 409 S.E.2d 21, 24 (1991). The General Assembly could have authorized appeals to this Court from parties aggrieved by certain “orders” or “decisions” of the trial court in criminal cases under Code § 17.1-406(A)(i), but it chose not to do so.

(ii) Supreme Court Precedent

The Supreme Court’s holdings in Commonwealth v. Southerly, 262 Va. 294, 551 S.E.2d 650 (2001), and Green v. Commonwealth, 263 Va. 191, 557 S.E.2d 230 (2002), support a narrow interpretation of our jurisdiction under Code § 17.1-406(A)®.
*221 In Southerly, the Supreme Court concluded that this Court lacked jurisdiction to consider the petitioner’s appeal from the circuit court’s denial of his motion, filed seven years after his conviction as an adult in circuit court, asserting that his conviction was void because the juvenile and domestic relations district court (“JDR court”) failed to comply with the notice requirements of former Code §§ 16.1-263 and -264. The Supreme Court initially stated that “the statute governing the Court of Appeals’ appellate jurisdiction in criminal cases is what really controls.” Southerly, 262 Va. at 299, 551 S.E.2d at 653. The Supreme Court held that “[t]he statutory language [of Code § 17.1-406(A)(i) ] is restrictive, limiting the Court of Appeals’ appellate jurisdiction to appeals from final criminal convictions and from action on motions filed and disposed of while the trial court retains jurisdiction over the case.[4] That entire process is purely criminal in nature....” Id. (emphasis and footnote added). The Supreme Court concluded that Southerly’s motion fell outside the purview of this Court’s appellate jurisdiction under Code § 17.1-406(A)(i) because it was “ ‘in no sense a continuation of the criminal prosecution.’ ” Id. (quoting Virginia Dep’t of Corrections v. Crowley, 227 Va. 254, 262, 316 S.E.2d 439, 443 (1984)).
In Green, 263 Va. 191, 557 S.E.2d 230, the Supreme Court held that the petitioner in that case properly appealed the *222 circuit court’s revocation of his suspended sentence to this Court because the circuit court retained jurisdiction under Code § 19.2-306[5] to revoke all or part of his suspended sentence. The Supreme Court emphasized that the “circuit court’s jurisdiction to revoke a convict’s probation and suspension of sentence is part of th[e] purely criminal process ” over which this Court may exercise appellate jurisdiction. Id. at 194, 557 S.E.2d at 232 (emphasis added).
Here, as in Southerly, 262 Va. 294, 551 S.E.2d 650, the trial court’s decision to seal a portion of the Callender court file from public inspection was neither a continuation of the criminal prosecution of Callender, nor a process that “[was] purely criminal in nature.” Id. at 299, 551 S.E.2d at 653. The trial court’s order to seal a portion of the Callender court file was civil in nature, notwithstanding the fact that Callender’s “underlying charge [was] criminal in nature.” See id. at 298, 551 S.E.2d at 652 (“This is not to say that if the underlying charge is criminal in nature, the appeal is automatically criminal in nature.”).
Consistent with the principles of statutory construction and the rationale articulated by the Supreme Court in Southerly and Green, we conclude that this Court does not have jurisdiction to consider appellants’ appeal from the trial court’s order directing the removal of original exhibits from the Callender court file and placing photocopies of those exhibits under seal. Appellants were not aggrieved by and do not appeal “from a final conviction” in the trial court. Code § 17.1-406(A)(i). The trial court’s order to remove exhibits and place under seal photocopies of those exhibits was not a purely criminal matter falling under the Court’s jurisdiction, pursuant to Code § 17.1-406(A)(i).[6]
*223 For the foregoing reasons, we transfer this appeal to the Supreme Court, pursuant to Code § 8.01-677.1, for further proceedings.[7]

Transferred.

. Code § 17.1-208 provides, in pertinent part:
Except as otherwise provided by law, any records and papers of every circuit court that are maintained by the clerk of the circuit court shall be open to inspection by any person and the clerk shall, when requested, furnish copies thereof, except in cases in which it is otherwise specially provided.

. Six months later, following a bench trial on May 26, 2011, the trial court found Stoffa, Callender's co-defendant, guilty of second-degree murder of Callender's seventeen-month-old daughter and felonious child neglect of both Callender's daughters, and sentenced him on August 19, 2011.

. In Richmond Newspapers, Inc. v. Commonwealth, 222 Va. 574, 281 S.E.2d 915 (1981), the Supreme Court held that the public and press have a constitutional right under Article I, Section 12 of the Virginia Constitution to attend pretrial proceedings in criminal cases, unless " 'a fair trial for the defendant is likely to be jeopardized' by an open pretrial hearing.” Id. at 589, 281 S.E.2d at 923 (quoting Gannett Co. v. DePasquale, 443 U.S. 368, 400, 99 S.Ct. 2898, 2916, 61 L.Ed.2d 608 (1979) (Powell, J., concurring)). The Court farther stated that "the public must have notice of the closure motion.... [MJotions to close a hearing should be made in writing and filed with the court before the day of the hearing involved, and the public must he given reasonable notice that a closure hearing will be conducted.” Id. at 590, 281 S.E.2d at 923-24 (citations and footnote omitted) (emphasis added). Here, the trial court failed to give notice or conduct a hearing prior to its March 28, 2011 order to place the entire Callender court file under seal.

. In isolation, this statement might be read as suggesting that this Court has jurisdiction over appellants' appeal from the trial court's order as one that arises "from [an] action on motions filed and disposed of while the trial court retainfed] jurisdiction over [the Callender ] case.” Southerly, 262 Va. at 299, 551 S.E.2d at 653. However, when read in context of the entire Southerly opinion, it is clear that the Supreme Court held that this Court has jurisdiction over appeals "from action on motions filed and disposed of while the trial court retainfed] jurisdiction over the case” only when that action falls within the "purely criminal” conviction process, id., and otherwise embodies " 'a continuation of the criminal prosecution,' ” id. (quoting Virginia Dep’t of Corrections v. Crowley, 227 Va. 254, 262, 316 S.E.2d 439, 443 (1984)). This Court has no authority to exercise appellate jurisdiction under Code § 17.1— 406(A)(i) where, as here, the trial court action complained of was neither a continuation of the criminal prosecution nor part of the “purely criminal process” of conviction. Green, 263 Va. at 194, 557 S.E.2d at 232.

. Code § 19.2-306(A) provides, in pertinent part, that "[i]n any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court.”

. Appellants cite Hertz v. Times-World Corp., 259 Va. 599, 528 S.E.2d 458 (2000), in support of their contention that this Court has jurisdic *223 tion to entertain their appeal. In Hertz, the Supreme Court held that an appeal "is the appropriate remedy to challenge a closure order in a pending criminal proceeding.” Id. at 610, 528 S.E.2d at 464. The Supreme Court stated that media outlets "were entitled to intervene in the respective preliminary hearings for the limited purpose of asserting their objections to the [JDR] courts’ rulings barring them from the courtrooms.” Id. at 609, 528 S.E.2d at 463. The Supreme Court stated that the interveners "would have been required to appeal any adverse order that may have been entered by the [JDR] court[s].” Id. at 610, 528 S.E.2d at 464 (emphasis added).
Appellants assert they adhered to the process endorsed by the Supreme Court in Hertz by intervening in the trial court, thereby making themselves a party to Callender. Appellants contend they constitute an "aggrieved party” who “may present a petition for appeal to” this Court because Callender did not involve "a sentence of death” and the sealing order entered in that case was adverse to their interests as third-party interveners. Code § 17.1-406(A)(i).
The Commonwealth asserts that appellants' reliance on Hertz is misplaced because the Supreme Court never purported to identify which appellate court would have jurisdiction over an appeal of a trial court's sealing order. See Hertz, 259 Va. at 610, 528 S.E.2d at 464 (noting only that, had the media outlets intervened in the JDR courts, they “would have been required to appeal any adverse order that may have been entered by the [JDR] court[s]”).
We agree with the Commonwealth. Nothing in Hertz, a case decided before Southerly and Green, suggests that an appeal from a circuit court’s sealing order in a noncapital case constitutes a criminal appeal, much less an appeal from a "final conviction ... of ... a crime” over which this Court could exercise appellate jurisdiction pursuant to Code § 17.1-406(A)(i).

. Code § 8.01-677.1 provides, in pertinent part:
[N]o appeal which was otherwise properly and timely filed shall be dismissed for want of jurisdiction solely because it was filed in either the Supreme Court or the Court of Appeals and the appellate court in which it was filed thereafter rules that it should have been filed in the other court. In such event, the appellate court so ruling shall transfer the appeal to the appellate court having appropriate jurisdiction for further proceedings in accordance with the rules of the latter court.