COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Elder
Argued at Salem, Virginia


NATHAN TODD SOUTHERLY
                                            OPINION BY
v.    Record No. 3064-99-3       JUDGE JERE M. H. WILLIS, JR.
                                         NOVEMBER 7, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                    Porter R. Graves, Jr., Judge

            A. Gene Hart, Jr. (A. Gene Hart, Jr., P.C.,
            on briefs), for appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     In this appeal, we consider (1) whether the trial court erred

in holding that Rule 3A:9(b) prohibited its consideration of

Nathan Todd Southerly's motion to set aside his convictions and

(2) whether the fact that Southerly was eighteen years old when

petitions were obtained charging him with offenses committed while

he was a juvenile excused the Commonwealth from compliance with

the notice requirements of Code § 16.1-263(A).  Because the trial

court erred in holding that Rule 3A:9(b) applied and because

Southerly's age did not excuse the notice requirements, we reverse

the judgment of the trial court, vacate Southerly's convictions,

and remand the case for further proceedings, if the Commonwealth

be so advised.

Southerly was born June 29, 1973.  On July 1, 1991, petitions were filed in the Rockingham County Juvenile and Domestic Relations District Court charging him with committing, before his eighteenth birthday, certain offenses that would have been crimes if committed by an adult.  On July 30, 1991, additional petitions were obtained, charging other such offenses.  The petitions identified Southerly's mother as Linda Riggleman, but provided no identification of his father.  Summonses were duly executed upon Southerly and his mother, as required by Code § 16.1-263(A).  Southerly's father was never identified, and no summons was served upon him.  The juvenile and domestic relations district court did not certify that the father's identity and his location or mailing address were not reasonably ascertainable as provided in the exception to required parental notice.  See Code § 16.1-263(E).

By order entered January 7, 1992, pursuant to Code § 16.1-269,[1] the Rockingham County Juvenile and Domestic Relations District Court transferred all proceedings to the trial court, which by order dated August 14, 1992, convicted Southerly on all charges.

On July 9, 1999, citing Baker v. Commonwealth, 28 Va. App. 306, 504 S.E.2d 394 (1998), aff'd per curiam, 258 Va. 1, 516

---

[1] At the time of the proceedings in this case, Code § 16.1-269 provided the procedures for juvenile transfer.  Code § 16.1-269 was repealed in 1994 and replaced by Code §§ 16.1-269.1 to 16.1-269.6.  See 1994 Va. Acts cc. 859 and 949.

-

S.E.2d 219 (1999), Southerly moved the trial court "to set aside judgment orders on the ground that the circuit court was without jurisdiction."  By order entered November 23, 1999, the trial court denied the motion, ruling:

> [T]hat this proceeding is no longer pending, having been terminated more than twenty-one days prior to the filing of the defendant's Motion,
>
> Rule 3A:9(b) prohibits consideration of the defendant's Motion . . . .

The Commonwealth correctly concedes that Rule 3A:9(b) did not bar the trial court's consideration of Southerly's motion. By its own terms, the rule excludes from its operation defenses and objections asserting that the prosecution or written charge "fails to show jurisdiction in the court or to charge an offense."  Rule 3A:9(b).  Southerly's motion asserted a lack of jurisdiction.  Thus, his motion fell outside the operation of the rule.  See id.

The Commonwealth further concedes that Southerly's motion was not time-barred.  See Virginia Dept. Corr. v. Crowley, 227 Va. 254, 316 S.E.2d 439 (1984); Matthews v. Commonwealth, 216 Va. 358, 359, 218 S.E.2d 533, 540 (1975); Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974).

Code § 16.1-241(A)(1) vests in the juvenile and domestic relations district courts "exclusive original jurisdiction" over "all cases, matters and proceedings involving" a child who is alleged to be delinquent.  Code § 16.1-228 defines a "delinquent

-

child" to include an adult who has committed a delinquent act
(an act that would be criminal if committed by an adult) prior
to his eighteenth birthday.  The juvenile code uses the terms
"child" and "juvenile" interchangeably.  See Code § 16.1-228
(defining "child," "juvenile," and "minor" synonymously to mean
"a person less than eighteen years of age").  Code § 16.1-260,
which governs the initiation of proceedings in a juvenile and
domestic relations district court, uses the terms "child" and
"juvenile" interchangeably.

Code § 16.1-269.1 permits, under appropriate circumstances,
transfer of charges against a juvenile or delinquent child to
the circuit court for trial.  However, before such a transfer
may take place, the summonses required by Code § 16.1-263 must
be issued and served on the juvenile and, at the time of the
proceedings against Southerly, upon his parents.[2]

We have previously "held that the provisions of Code
§§ 16.1-263 and 16.1-264, 'relating to procedures for
instituting proceedings against juveniles, are mandatory and
jurisdictional,' and the failure to 'strictly follow' these
notice procedures denies a juvenile defendant 'a substantive
right and the constitutional guarantee of due process.'"  Baker,

---

[2] Although inapplicable here, effective July 1, 1999, Code
§ 16.1-263 was amended to permit the issuance of a summons to
"at least one parent" in lieu of the previous requirement that
summonses be served on "the parents."  See 1999 Va. Acts c. 952.

-

28 Va. App. at 310, 504 S.E.2d at 396 (quoting Karim v. Commonwealth, 22 Va. App. 767, 779, 473 S.E.2d 103, 108-09 (1996) (en banc)).  Thus, failure to give the requisite "notice of the initiation of juvenile proceedings" renders "the transfer of jurisdiction . . . ineffectual and the subsequent convictions . . . void."  Id. at 315, 504 S.E.2d at 399.  See also Moore v. Commonwealth, 259 Va. 431, 436, 527 S.E.2d 406, 408 (2000) (holding that the failure of the juvenile court to give notice of the juvenile court proceedings to Moore's father rendered the transfer of jurisdiction to the circuit court ineffectual and, thus, Moore's convictions void).  Unless the circumstances in this case take it out of the notice requirement of Code § 16.1-263 and the holdings in Baker and Moore, those holdings control decision in this case.

Noting that both Baker and Moore were juveniles when charged, but that Southerly was eighteen years old and an adult when the charges against him were initiated, the Commonwealth contends that having attained his majority, Southerly stood sui juris before the court and neither needed nor was entitled to the special protection afforded juveniles.  It argues that his parents were neither necessary nor proper parties to the proceedings against him.  This argument is contrary to the plain language of the juvenile and domestic relations law.

The law affords special protection to juveniles.  It makes special concessions in its treatment of socially offensive acts

-

committed by juveniles in the indiscretion of their tender years.  Accordingly, it grants some tolerance to an adult for misconduct before he attains the competence and culpability of majority.  This special leniency is reflected in the definition of a "delinquent child" found in Code § 16.1-228, which includes an adult who has committed a delinquent act prior to his eighteenth birthday.  This indulgence is not without limitation. Code § 16.1-242 provides that an adult who has attained the age of twenty-one years, and is charged with an offense committed while a juvenile, shall be proceeded against as an adult.

The failure of the juvenile and domestic relations district court to summon both of Southerly's parents, as then required by Code § 16.1-263, rendered the hearing in that court ineffective to transfer jurisdiction to the trial court.  As a consequence, all subsequent proceedings in the trial court were void. Therefore, we reverse the judgment of the trial court and order Southerly's convictions vacated.  We remand the case to the trial court for further proceedings, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

-