Present:  All the Justices

COMMONWEALTH OF VIRGINIA

                                        OPINION BY
v.  Record No. 002866      CHIEF JUSTICE HARRY L. CARRICO
                                  September 14, 2001
NATHAN TODD SOUTHERLY

            FROM THE COURT OF APPEALS OF VIRGINIA

    This appeal presents a claim stemming from Baker v.

Commonwealth, 28 Va. App. 306, 504 S.E.2d 394 (1998), aff'd

per curiam, 258 Va. 1, 516 S.E.2d 219 (1999) (failure to

give both parents notice of juvenile proceedings renders

void juvenile's subsequent criminal conviction on transfer

to circuit court).  In this case, the record shows that

Nathan Todd Southerly was born June 29, 1973.  During the

weeks leading up to his eighteenth birthday, he committed

multiple criminal offenses in the City of Harrisonburg.

    After Southerly reached the age of eighteen,

Harrisonburg police filed a total of twenty-two petitions

against him in the Juvenile and Domestic Relations District

Court of Rockingham County, alleging seven counts of grand

larceny, fourteen counts of forging and uttering, and one

count of breaking and entering.  The petitions named Linda

Riggleman as Southerly's mother.[1]  However, spaces in the

_____

    [1] Southerly makes no claim on appeal concerning the
adequacy of notice to his mother.

petition forms for the name of Southerly's father were left blank.

On January 7, 1992, the juvenile court certified the cases to the Circuit Court of Rockingham County. On January 21, 1992, a grand jury indicted Southerly for the offenses that had been transferred and for other offenses he committed after turning eighteen. He plead guilty or not innocent to the indictments, and in a final order entered August 14, 1992, the circuit court found him guilty and sentenced him to serve sixty-two years in the penitentiary, with thirty-one years suspended. No question was raised in any of the proceedings in juvenile or circuit court concerning the lack of notice to Southerly's father.

On July 9, 1999, Southerly filed a motion in the circuit court alleging that the court "lacked jurisdiction to try him as an adult because the Juvenile and Domestic Relations District Court did not comply with the mandatory notice requirements of Virginia Code §§ 16.1-263 and 16.1-264" in that the juvenile court "failed to provide service of process upon [Southerly's] biological father."[2] The

_____

[2] At the time of the juvenile proceedings in the present case, Code § 16.1-263(A) provided that "[a]fter a petition has been filed, the court shall direct the issuance of summonses, one directed to the child . . . and another to the parents . . . ." At its 1999 session, the General Assembly substituted "at least one parent" for "the

2

motion requested the circuit court to "enter an order vacating the judgment order in these matters and remanding the matters to the Juvenile and Domestic Relations District Court to take further action if the Commonwealth be so advised."[3]

In a hearing on the motion, it was stipulated that Charles E. Cubbage, Sr., is Southerly's biological father, that the father was not notified of the petitions against his son, that, at all relevant times, the father was alive and residing in West Virginia, and that his address was known or reasonably discoverable. It was also stipulated that the juvenile court did not certify on the record that the father's identity was not reasonably ascertainable. See Code § 16.1-263(E) (no summons or notification required if judge certifies on record that identity of parent not reasonably ascertainable).

_____

parents" in § 16.1-263(A). 1999 Va. Acts ch. 952. Code § 16.1-264(A) provided at the time of the juvenile proceedings in this case that if a party other than the person who is the subject of the petition cannot be found or his post-office address cannot be ascertained, the court may order service of the summons by publication. The language of § 16.1-264(A) is unchanged.

[3] A motion to vacate was employed in Matthews v. Commonwealth, 216 Va. 358, 218 S.E.2d 538 (1975), to attack the jurisdiction of a circuit court to try a defendant as an adult upon transfer from a juvenile court without compliance with the applicable provisions of the transfer statute.

The circuit court denied Southerly's motion to vacate. Southerly appealed the denial to the Court of Appeals. In a published opinion, the Court of Appeals rejected the Commonwealth's argument that because "Southerly was eighteen years old and an adult when the charges against him were initiated, . . . [he] stood sui juris before the court and neither needed nor was entitled to the special protection afforded juveniles." Southerly v. Commonwealth, 33 Va. App. 650, 654-55, 536 S.E.2d 452, 454 (2000). Then, applying Baker, the court held that Southerly's convictions were void. Southerly, 33 Va. App. at 655, 536 S.E.2d at 454. We awarded the Commonwealth this appeal.

On appeal, the Commonwealth repeats its argument that notice to Southerly's father was unnecessary. However, the Commonwealth also raises a threshold question, viz., whether the Court of Appeals had jurisdiction to entertain Southerly's appeal from the trial court's denial of his motion to vacate. The Commonwealth argues that the Court of Appeals lacked jurisdiction because the proceedings conducted incident to Southerly's motion to vacate were civil in nature and, hence, the denial of the motion was appealable only to this Court.

The Commonwealth cites Virginia Dept. of Corr. v. Crowley, 227 Va. 254, 316 S.E.2d 439 (1984). There, we

4

held that motions to vacate orders releasing convicted felons from custody and appeals from the denial of the motions were civil in nature.  Id. at 263, 316 S.E.2d at 443-44.[4]  We likened such motions and appeals to petitions for habeas corpus and appeals from orders granting habeas relief.  Id.  We observed that " 'habeas corpus is a civil and not a criminal proceeding' and 'in no sense a continuation of the criminal prosecution.' "  Id. at 262, 316 S.E.2d at 443 (quoting Smyth v. Godwin, 188 Va. 753, 760, 51 S.E.2d 230, 233, cert. denied, 337 U.S. 946 (1949)).

Southerly did not respond on brief to the Commonwealth's argument concerning the Court of Appeals' jurisdiction to entertain Southerly's appeal.  However, during oral argument, Southerly attempted to distinguish Crowley by saying it was "more of a straight habeas case, it's more of a case involving not the criminal proceedings but a person who is already in the Department of Corrections system and is bringing his action against the Department of Corrections."  Southerly maintained that his motion to vacate "directly challenged the circuit court's power to render a final judgment of conviction in a

---

[4] Crowley was decided before the Court of Appeals came into existence on January 1, 1985.

5

criminal proceeding," and "that type of motion . . . is clearly within even the Court of Appeals' limited . . . statutory jurisdiction," a position "the Court of Appeals has subsequently adopted in the Asby v. Commonwealth case, [34 Va. App. 217, 539 S.E.2d 742 (2001)], . . . citing its decision in the Nicely v. Commonwealth case, [23 Va. App. 327, 477 S.E.2d 11 [1996)]."

In Asby, the Court of Appeals held that although a motion to vacate "a conviction may be civil in nature," it nonetheless had jurisdiction to entertain an appeal from the denial of such a motion because "the underlying charges . . . were criminal."  34 Va. App. at 221, 539 S.E.2d at 744.  In Nicely, a circuit court held it had no jurisdiction to consider either an appeal from a seven-day administrative suspension of a driver's license under Code § 46.2-391.2 or a motion to dismiss the underlying driving while intoxicated charge.  The Commonwealth challenged the Court of Appeals' jurisdiction to entertain an appeal from the circuit court's judgment.  The Court of Appeals rejected the challenge, saying it had jurisdiction because "the underlying charge is criminal."  23 Va. App. at 329 n.1, 477 S.E.2d at 12 n.1.  The Court of Appeals also said it was "[t]he rationale of Brame [v. Commonwealth, 252 Va. 122, 126, 476 S.E.2d 177, 179 (1996)], . . . that the

6

underlying charge controls the appeal." 23 Va. App. at 329 n.1, 477 S.E.2d at 12 n.1.

However, we merely said in Brame that "[b]ecause a charge of unreasonably refusing to submit to a blood or breath test is not criminal but administrative and civil in nature, an appeal lies directly to this Court." 252 Va. at 126, 476 S.E.2d at 179. Naturally, if the underlying charge is civil in nature, the appeal is also civil in nature. This is not to say that if the underlying charge is criminal in nature, the appeal is automatically criminal in nature. If we were to follow that rationale, we would have to ignore our previous characterization of petitions for habeas corpus and appeals from judgments on habeas petitions as civil in nature. Criminal charges underlie the great bulk of habeas cases, and we are unaware of any disagreement with the proposition that petitions for habeas corpus and appeals from orders in habeas cases are civil in nature.

Rather, it is the nature of the method employed to seek relief from a criminal conviction and the circumstances under which the method is employed that determine whether an appeal is civil or criminal in nature. If the method consists of an appeal from the conviction itself or from action on motions filed and disposed of

while the trial court retains jurisdiction over the case, the appeal is criminal in nature. But when, as here, the relief requested by way of a motion to vacate is a declaration that the trial court lacked the jurisdiction to take the action sought to be vacated and the motion is not filed until after the conviction has become final, then the motion and the appeal from the trial court's action thereon are both civil in nature.

In any event, the statute governing the Court of Appeals' appellate jurisdiction in criminal cases is what really controls. Code § 17.1-406(A) provides that "[a]ny aggrieved party may present a petition for appeal to the Court of Appeals from . . . any final conviction in a circuit court of . . . a crime." The statutory language is restrictive, limiting the Court of Appeals' appellate jurisdiction to appeals from final criminal convictions and from action on motions filed and disposed of while the trial court retains jurisdiction over the case. That entire process is purely criminal in nature, unlike a motion to vacate filed long after the conviction has become final and seeking a declaration that the trial court lacked jurisdiction to take the action that is sought to be vacated. This latter process is "in no sense a continuation of the criminal prosecution." Crowley, 227

8

Va. at 262, 316 S.E.2d at 443. Consequently, it is definitely civil in nature.

We hold, therefore, that the Court of Appeals lacked jurisdiction to entertain Southerly's appeal, and we will reverse that court's judgment and declare its decision a nullity. It does not follow, however, that the appeal must be dismissed. Under Code § 8.01-677.1, if an appeal is otherwise proper and timely but the appellate court in which it is filed rules it should have been filed in the other appellate court, the court so ruling shall transfer the appeal to the other court.

Under the circumstances, the Court of Appeals should have transferred Southerly's appeal to this Court. Without such a transfer, this Court lacks the jurisdiction to decide the question presented by the Commonwealth's argument that notice to Southerly's father was unnecessary. Accordingly, we will remand the case to the Court of Appeals with direction to transfer the matter to this Court "for further proceedings in accordance with the rules of [this] court." Id.

Reversed and remanded.