Tuesday          30th

        October, 2001.


Aaron E. Williams,                                    Appellant,

 against        Record No. 1644-01-1
                Circuit Court Nos. CR00001893-00 and
                              CR00001893-02

Commonwealth of Virginia,                             Appellee.


            From the Circuit Court of the City of Norfolk

                      Before the Full Court


        On November 21, 2000, the trial court entered a final order

convicting appellant of possession of cocaine with intent to

distribute and a related firearms charge.  On February 2, 2001,

appellant filed a motion to set aside the sentence and guilty plea,

arguing that he did not knowingly and voluntarily enter the guilty

plea.  The trial court denied that motion by order entered April 9,

2001.  Appellant appeals from that denial.

        Because this Court does not have jurisdiction over this

appeal, we transfer it to the Supreme Court of Virginia.  See Code

§ 8.01-677.1.

        In Commonwealth v. Southerly, ___ Va. ___, ___, 551 S.E.2d

650, 652 (2001), the Supreme Court held that the statute conferring

appellate criminal jurisdiction on this Court is to be read literally

and that the nature of the underlying charge does not control the

jurisdictional decision.  In support of its holding, the Court ruled

as follows:

> [I]f the underlying charge is civil in nature,
> the appeal is also civil in nature.  This is not
> to say that if the underlying charge is criminal
> in nature, the appeal is automatically criminal
> in nature. . . .
>
> Rather, it is the nature of the method
> employed to seek relief from a criminal
> conviction and the circumstances under which the
> method is employed that determine whether an
> appeal is civil or criminal in nature.  If the
> method consists of an appeal from the conviction
> itself or from action on motions filed and
> disposed of while the trial court retains
> jurisdiction over the case, the appeal is
> criminal in nature. . . .
>
> In any event, the statute governing the
> Court of Appeals' appellate jurisdiction in
> criminal cases is what really controls.  Code
> § 17.1-406(A) provides that "[a]ny aggrieved
> party may present a petition for appeal to the
> Court of Appeals from . . . any final conviction
> in a circuit court of . . . a crime."  The
> statutory language is restrictive, limiting the
> Court of Appeals' appellate jurisdiction to
> appeals from final criminal convictions and from
> action on motions filed and disposed of while the
> trial court retains jurisdiction over the case.

Id. at ___, 551 S.E.2d at 652-53 (emphasis added).  Cf. Brame v.

Commonwealth, 252 Va. 122, 126, 476 S.E.2d 177, 179 (1996) (holding

that "[b]ecause a charge of unreasonably refusing to submit to a

blood or breath test is not criminal but administrative and civil in

nature, an appeal lies directly to [the Supreme] Court").

Thus, in a criminal case, we have jurisdiction over only

two types of appeals.  The first are appeals which arise from "final

criminal convictions."  Southerly, ___ Va. at ___, 551 S.E.2d at 653.

-2-

A criminal conviction is final upon "entry of the sentencing order . . . ." Batts v. Commonwealth, 30 Va. App. 1, 12, 515 S.E.2d 307, 313 (1999) (citing Ramdass v. Commonwealth, 248 Va. 518, 520, 450 S.E.2d 360, 361 (1994)). Here, the sentencing order, i.e., the "final criminal conviction[]," was entered on November 21, 2000. The order from which this appeal is taken is not the "final criminal conviction[]."

The second type are appeals from "action on motions filed and disposed of while the trial court retains jurisdiction over the case." Southerly, ___ Va. at ___, 551 S.E.2d at 653 (emphasis added). In this case, the trial court entered the sentencing order on November 21, 2000. The trial court retained jurisdiction over the case until December 12, 2000, twenty-one days thereafter. Rule 1:1. The order from which this appeal is taken was entered on April 9, 2001. Thus, this appeal does not arise from an "action on [a] motion[] filed and disposed of while the trial court retain[ed] jurisdiction over the case," id. at ___, 551 S.E.2d at 653.

Our appellate jurisdiction encompasses some civil cases. See Code § 17.1-405.[1] That statute lists specific types of cases over

_____

[1] Any aggrieved party may appeal to the Court of Appeals from:

1. Any final decision of a circuit court on appeal from (i) a decision of an administrative agency, or (ii) a grievance hearing decision issued pursuant to § 2.2-3005;

2. Any final decision of the Virginia Workers' Compensation Commission;

-3-

which this Court has appellate jurisdiction.  The type of case which is the subject of this appeal is not listed in the statute.

In summary, the order from which this appeal is taken is not a "final criminal conviction[]," Southerly, ___ Va. at ___, 551 S.E.2d at 653, is not an "action on [a] motion[] filed and disposed of while the trial court retain[ed] jurisdiction over the case," id. at ___, 551 S.E.2d at 653, and is not included in those types of civil cases over which we have jurisdiction, see Code § 17.1-405. Accordingly, we have no jurisdiction over this appeal and we transfer this appeal to the Supreme Court of Virginia.  See Southerly, ___ Va. at ___, 551 S.E.2d at 653 (ruling that "[u]nder Code § 8.01-677.1, if

---

3. Any final judgment, order, or decree of a circuit court involving:

a. Affirmance or annulment of a marriage;

b. Divorce;

c. Custody;

d. Spousal or child support;

e. The control or disposition of a child;

f. Any other domestic relations matter arising under Title 16.1 or Title 20;

g. Adoption under Chapter 10.2 (§ 63.1-219.7 et seq.) of Title 63.1; or

h. A final grievance hearing decision issued pursuant to subsection B of § 2.2-3007.

4. Any interlocutory decree or order entered in any of the cases listed in this section (i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause.

an appeal is otherwise proper and timely but the appellate court in which it is filed rules it should have been filed in the other appellate court, the court so ruling shall transfer the appeal to the other court").

The issue addressed in this order is significant and represents a departure from our previous dispositions in similar appeals.  Therefore, we direct the Clerk to publish this order.

A Copy,

Teste:

Clerk