**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday, the 17th day of January, 2002.

Aaron E. Williams,                                          Appellant,

  against      Record No. 012417
               Circuit Court Nos. CR0000183-00
               and CR00001893-02

Commonwealth of Virginia,                          Appellee.


Upon an order of transfer entered by the Court of Appeals of Virginia on the 30th day of October, 2001.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is error in the order of the Court of Appeals transferring the present appeal to this Court under Code § 8.01-677.1.

Code § 17.1-406(A) gives the Court of Appeals appellate criminal jurisdiction over "any final conviction in a circuit court of . . . a crime."  Williams' request to withdraw his guilty pleas under Code § 19.2-296 after the final order of conviction had been entered constituted, in part, a request that the circuit court set aside the judgment of conviction.

Under Code § 19.2-296, a circuit court may set aside a conviction and permit withdrawal of a guilty plea within 21 days after entry of the final judgment order during the period the court retains jurisdiction over the judgment of conviction.  Because a motion to withdraw a guilty plea under Code § 19.2-296 is designed

by statute to be filed and disposed of while the circuit court retains jurisdiction over the case, the motion is criminal in nature.  Such motion does not challenge the jurisdiction of the circuit court, as did the motion to vacate filed in Commonwealth v. Southerly, 262 Va. 294, 299, 551 S.E.2d 650, 653 (2001).  Thus, Williams' appeal is subject to the criminal appellate jurisdiction of the Court of Appeals under Code § 17.1-406(A).  Southerly, 262 Va. at 299, 551 S.E.2d at 653.

Accordingly, the transfer order of the Court of Appeals is reversed and the case is returned to the Court for consideration of Williams' appeal.

It is ordered that the Circuit Court of the City of Norfolk allow counsel for the appellant a fee of $725 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.

This order shall be certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Norfolk and shall be published in the Virginia Reports.

JUSTICE KEENAN, dissenting.

I would hold that this Court, rather than the Court of Appeals, has jurisdiction over Williams' appeal.  The language of Code § 17.1-406(A), which establishes the Court of Appeals' criminal appellate jurisdiction, "is restrictive, limiting [that jurisdiction] to appeals from final criminal convictions and from

action on motions filed and disposed of while the trial court retains jurisdiction over the case." Southerly, 262 Va. at 299, 551 S.E.2d at 653. Williams' motion to withdraw his guilty pleas, which was filed more than two months after his conviction, was neither an appeal from a criminal conviction nor a motion filed and disposed of during the 21-day period that the circuit court retained jurisdiction over his conviction. Because the present case also is not an appeal from a civil matter within the Court of Appeals' jurisdiction, see Code § 17.1-405, that Court lacks jurisdiction to consider Williams' appeal.

Upon review by this Court, I would affirm the circuit court's judgment. Williams' motion to withdraw his guilty pleas was untimely because it was not filed and resolved within the 21-day period that the circuit court retained jurisdiction over his conviction. See Code § 19.2-296; Rule 1:1.

A Copy,

Teste:


David B. Beach,
Clerk