COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Humphreys and Clements
Argued at Chesapeake, Virginia


JEFFREY JAMES LOCKLEAR

                                                                    OPINION BY
v.        Record No. 0506-04-1                    JUDGE JAMES W. BENTON, JR.
                                                                 SEPTEMBER 13, 2005

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                             Junius P. Fulton, III, Judge

             Andrew G. Wiggin for appellant.

             Paul C. Galanides, Assistant Attorney General (Judith Williams
             Jagdmann, Attorney General, on brief), for appellee.


        Jeffrey James Locklear contends the trial judge committed reversible error when he denied

three motions to set aside Locklear's misdemeanor conviction for sexual battery.  In those motions,

filed ten months after entry of the final conviction order, Locklear alleged (i) his guilty plea was not

made voluntarily, intelligently, and knowingly, (ii) the prosecution was barred by the statute of

limitations, and (iii) the circuit court lacked subject matter jurisdiction to convict him.  We affirm

the orders denying two of the motions, and we transfer to the Supreme Court of Virginia the appeal

from the trial judge's ruling concerning subject matter jurisdiction.

                                          I.

        A petition in the juvenile and domestic relations district court charged Jeffrey James

Locklear with rape of a fourteen-year-old girl in November 2001, when Locklear was seventeen

years of age.  After the district court transferred the case to the circuit court, the grand jury indicted

Locklear for rape in violation of Code § 18.2-61.

On October 8, 2002, Locklear, his attorney, and the prosecutor presented a plea agreement to the circuit judge. The agreement noted that Locklear was indicted for rape, that he "agree[d] to plead guilty" to misdemeanor sexual battery in violation of Code § 18.2-67.4, and that the prosecutor agreed not to charge Locklear with a violation of Code § 18.2-361 (sodomy). Locklear, his attorney, and the prosecutor also signed a "stipulation of facts" reciting the events that gave rise to the prosecution and noting that the teenage girl said Locklear "forcibly had sexual intercourse with her." In addition, Locklear signed a third document, three pages long, acknowledging that he understood the plea and that he was "giving up" the right to appeal and other rights specified in the document. He also acknowledged "entering [his] plea of guilty freely and voluntarily" and "pleading guilty because the Commonwealth has substantial evidence of guilt and [because he does] not wish to risk trial." Locklear's attorney certified that he had "discussed the contents of this [third] document, *line by line*, with [Locklear,] . . . that [Locklear] fully understands the implications of this guilty plea and that the plea is voluntarily and intelligently made."

Before accepting Locklear's plea, the trial judge read the stipulation of facts, questioned Locklear in open court in the presence of his attorney, and heard Locklear acknowledge he understood the plea and the information contained in the three-page document. The trial judge found that the plea was "given freely and voluntarily with full understanding of its import," accepted the plea, and convicted Locklear of misdemeanor sexual battery. At a later hearing, on January 13, 2003, the trial judge entered a final conviction order, sentencing Locklear to twelve months in jail. The judge suspended all but ninety days of incarceration and permitted Locklear to serve the sentence on weekends.

Eight months later, Locklear's probation officer requested a show cause hearing, alleging Locklear had violated the conditions of his probation. On November 14, 2003, the day the matter

was set for a hearing and ten months after entry of the conviction order, Locklear filed three motions

to vacate his convictions. In pertinent part, his motions alleged the following:

> [First motion] . . . [T]he defendant appeared for trial on the charge
> of rape [and] ostensibly entered an "Alford plea" guilty plea to a
> misdemeanor of sexual battery (18.2-67.4). However, the guilty
> plea form which was made a part of the record both orally and as a
> document, reveals that the defendant on this juvenile charge
> thought that he could receive a sentence of "life" imprisonment for
> the charge to which he was pleading guilty. As a matter of law, the
> defendant could only receive a maximum sentence of twelve
> months in jail and a $2,500.00 fine. Therefore, the defendant's
> plea was not made voluntarily nor intelligently nor knowingly, but
> rather out of fear and upon misinformation provided by his counsel
> and not corrected by the court. . . .
>
> [Second motion] . . . Sexual battery is not a lesser included offense
> of rape. Sexual battery requires proof of the specific intent of
> "intent to sexually molest, arouse, or gratify [any] person"
> (Virginia Code Section 18.2-67.10). The charge of rape does not
> require proof of this element. Therefore, the prosecution for sexual
> battery began on October 8, 2002, more than one year after the
> alleged date of offense[, which was October 1, 2001]. . . .
>
> [Third motion] . . . [Code §§] 17.1-513, 16.1-269.1 and 16.1-272
> do not allow for a Circuit Court prosecution of a transferred
> juvenile for a misdemeanor which was neither transferred as an
> ancillary charge nor was it a lesser-included offense of the
> transferred felony rape charge nor was he indicted for it. . . . The
> rape indictment was never amended. . . . Sexual battery is not a
> lesser included offense of rape. . . . Therefore, the Circuit Court
> lacked subject matter jurisdiction to convict a transferred juvenile
> of an offense which was not transferred, nor was he indicted
> for. . . .

The trial judge denied the motions.

## II.

Locklear contends the trial judge erred by refusing to vacate his convictions. The

Commonwealth responds that this Court lacks jurisdiction to review the trial judge's rulings.

Locklear filed no brief addressing this response but did orally argue that this is a case of first

impression. To decide this issue, we first analyze two cases decided by the Supreme Court of

Virginia, <u>Commonwealth v. Southerly</u>, 262 Va. 294, 551 S.E.2d 650 (2001), and <u>Williams v.</u> <u>Commonwealth</u>, 263 Va. 189, 557 S.E.2d 233 (2002).

In <u>Southerly</u>, the convicted juvenile filed a motion in the circuit court to vacate his conviction seven years after a judge entered a final conviction order on the juvenile's guilty plea. 262 Va. at 296, 551 S.E.2d at 651. The motion alleged "that the court 'lacked jurisdiction to try him as an adult'" because of the failure of the district court to comply with mandatory notice requirements. <u>Id.</u> On Southerly's appeal from the trial judge's denial of the motion to vacate the convictions, this Court reversed the judge's denial of the motion. <u>Id.</u> at 297, 551 S.E.2d at 651 (citing <u>Southerly v. Commonwealth</u>, 33 Va. App. 650, 654-55, 536 S.E.2d 452, 454 (2000)). On the Commonwealth's appeal to the Supreme Court, the Commonwealth argued that this Court lacked jurisdiction to entertain the appeal "because the proceedings conducted incident to Southerly's motion to vacate were civil in nature and, hence, the denial of the motion was appealable only to [the Supreme] Court." <u>Id.</u> Answering this argument, the Supreme Court analyzed the issue as follows:

> [I]t is the nature of the method employed to seek relief from a criminal conviction and the circumstances under which the method is employed that determine whether an appeal is civil or criminal in nature. If the method consists of an appeal from the conviction itself or from action on motions filed and disposed of while the trial court retains jurisdiction over the case, the appeal is criminal in nature. But when, as here, the relief requested by way of a motion to vacate is a declaration that the trial court lacked the jurisdiction to take the action sought to be vacated and the motion is not filed until after the conviction has become final, then the motion and the appeal from the trial court's action thereon are both civil in nature.

<u>Id.</u> at 299, 551 S.E.2d at 652. The Supreme Court then held that "a motion to vacate filed long after the conviction has become final and seeking a declaration that the trial court lacked jurisdiction to take the action that is sought to be vacated . . . is 'in no sense a continuation of the criminal prosecution' . . . [and] is definitely civil in nature." <u>Id.</u> (citation omitted). Thus, the

- 4 -

Supreme Court reversed this Court's ruling because the proceeding was not criminal (and, therefore, not appealable to the Court of Appeals under Code § 17.1-406(A)), and it remanded the case to this Court with direction to transfer the case back to the Supreme Court for further proceedings as a civil appeal. Id. at 299-300, 551 S.E.2d at 653.

In a more recent decision, this Court transferred to the Supreme Court an appeal from a trial judge's denial of a motion to set aside a conviction on a guilty plea that was filed almost two months after the conviction order became final. Williams v. Commonwealth, 37 Va. App. 97, 99, 554 S.E.2d 111, 112 (2001). Citing Southerly, we held that "the order from which this appeal is taken is not a 'final criminal conviction,' is not an 'action on [a] motion[] filed and disposed of while the trial court retain[ed] jurisdiction over the case,' and is not included in those types of civil cases over which we have jurisdiction." Williams, 37 Va. App. at 101, 554 S.E.2d at 113 (citations omitted).

The Supreme Court reversed this holding. Williams v. Commonwealth, 263 Va. 189, 557 S.E.2d 233 (2002). The Court held as follows:

> Code § 17.1-406(A) gives the Court of Appeals appellate criminal jurisdiction over "any final conviction in a circuit court of . . . a crime." Williams' request to withdraw his guilty pleas under Code § 19.2-296 after the final order of conviction had been entered constituted, in part, a request that the circuit court set aside the judgment of conviction.
>
> Under Code § 19.2-296, a circuit court may set aside a conviction and permit withdrawal of a guilty plea within 21 days after entry of the final judgment order during the period the court retains jurisdiction over the judgment of conviction. Because a motion to withdraw a guilty plea under Code § 19.2-296 is designed by statute to be filed and disposed of while the circuit court retains jurisdiction over the case, the motion is criminal in nature. Such motion does not challenge the jurisdiction of the circuit court, as did the motion to vacate filed in Commonwealth v. Southerly, 262 Va. 294, 299, 551 S.E.2d 650, 653 (2001). Thus, Williams' appeal is subject to the criminal appellate jurisdiction of

- 5 -

the Court of Appeals under Code § 17.1-406(A). <u>Southerly</u>, 262 Va. at 299, 551 S.E.2d at 653.

<u>Williams</u>, 263 Va. at 189, 557 S.E.2d at 233-34.

III.

We apply these rulings to the relief requested in the three motions that Locklear filed in the circuit court. Each motion was filed more than ten months after entry of the final conviction order, and each motion sought to vacate the conviction, albeit for different reasons.

Pertinent to our analysis is Rule 1:1, which provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Applying this rule in both civil and criminal cases, the Supreme Court has consistently held as follows:

> "[T]he provisions of Rule 1:1 are mandatory in order to assure the certainty and stability that the finality of judgments brings. Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case. Thus, only an order within the twenty-one day time period that clearly and expressly modifies, vacates, or suspends the final judgment will interrupt or extend the running of that time period so as to permit the trial court to retain jurisdiction in the case."

<u>Safrin v. Travaini Pumps USA, Inc.</u>, 269 Va. 412, 418, 611 S.E.2d 352, 355 (2005) (quoting <u>Super Fresh Food Mkts. of Virginia, Inc. v. Ruffin</u>, 263 Va. 555, 563-64, 561 S.E.2d 734, 739 (2002)); <u>see also</u> <u>Va. Dep't of Corrections v. Crowley</u>, 227 Va. 254, 260, 264, 316 S.E.2d 439, 442, 444 (1984); <u>In re Commonwealth, Dep't of Corrections</u>, 222 Va. 454, 464, 281 S.E.2d 857, 863 (1981).[1]

---

[1] The Commonwealth noted on brief that Locklear did not address Code § 19.2-296, which provides as follows:

Recognizing that his motions were not filed within twenty-one days of entry of the final conviction order, Locklear contends that Rule 1:1 did not deprive the judge of authority to rule on his motions because Code § 16.1-272.1 abrogates all other Rules and statutes and permits him to file motions to vacate his convictions "up to one year after the date of entry of the final judgment." This statute provides as follows:

> In addition to any other curative provisions, waivers, procedural defaults, or requirements for timely objection, including but not limited to those in subsection J of § 16.1-241, subsection E of § 16.1-269.1 and subsection E of § 16.1-269.6, any claim of error or defect under this chapter, jurisdictional or otherwise, that is not raised within one year from the date of final judgment of the circuit court or one year from the effective date of this act, whichever is later, shall not constitute a ground for relief in any judicial proceeding.

Code § 16.1-272.1.

We disagree with Locklear's reading of the statute. By its express terms, the statute refers to "any claim or defect under this chapter." Thus, it is limited to matters arising under Chapter 11 of Title 16.1, which primarily governs juvenile and domestic relations district courts. To the extent that Chapter 11 of Title 16.1 refers to the circuit court, it does so only within the context of the transfer procedures. Furthermore, Code § 16.1-272(A) provides that "[i]n any case in which a juvenile is indicted, the offense for which he is indicted and all ancillary charges shall be tried in the same manner as provided for in the trial of adults, except as otherwise

---

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Because Locklear has not asserted that his motions were "to withdraw a plea" and has not cited the statute, we do not discuss Code § 19.2-296, except to note that this statute also has a twenty-one-day limitation and a further requirement of "manifest injustice" if the judge permits withdrawal of a plea within twenty-one days after entry of the final order.

provided with regard to sentencing." In other words, proceedings relating to matters such as pleas and setting aside convictions in the circuit court are governed by Title 19.2 of the Code ("Criminal Procedure"), not Chapter 11 of Title 16.1.

Even if we were to conclude that Code § 16.1-272.1 was not so limited, the plain, unambiguous language of the statute manifestly indicates that it only created an additional limitation upon the raising of a claim, and does not abrogate any other waiver or default rules or statutes. The wording of the statute ("[i]n addition to any other curative provisions, waivers, procedural defaults, or requirements for timely objection") denotes an added hurdle that must be surmounted in raising a claim of error. The legislative intent as manifested by this wording is not fairly debatable; the statute creates a statute of limitations for raising claims of error or defect under Chapter 11 of Title 16.1 when no other limitation exists. We hold, therefore, that this language is not susceptible of an interpretation that suggests it was intended to abrogate Rule 1:1 and other procedural requirements that must be satisfied before asserting a claim of error.

Turning to the specific motions Locklear filed in the circuit court, we conclude that two of the motions raised issues of procedures and the third raised an issue of "subject matter jurisdiction." We address them in turn.

The first motion alleged that Locklear's guilty plea was "invalid" because the "plea was not made voluntarily [or] intelligently [or] knowingly, but rather [was made] out of fear and upon misinformation provided by his counsel and not corrected by the court." This motion arises in the same procedural posture as the motion in Williams, where the convicted defendant sought to vacate a conviction which became final more than twenty-one days prior to the filing of the motion. See 37 Va. App. at 99, 557 S.E.2d at 112. As the Supreme Court noted, when it held that this Court had jurisdiction to consider the Williams appeal, an appeal of this sort "is subject

to the criminal appellate jurisdiction of the Court of Appeals" whenever "[s]uch motion does not challenge the jurisdiction of the circuit court." 263 Va. at 189, 557 S.E.2d at 233.

Locklear's challenge to the validity of his guilty plea raises non-jurisdictional concerns about the adequacy of the advice he received from his attorney, his lack of understanding of the information he received and of the process, and the trial judge's failure "to recognize and correct these same errors." We have jurisdiction to consider these issues on appeal. Id. However, because these matters were not raised in the circuit court within the time restraints of Rule 1:1 ("twenty-one days after the date of entry [of the final judgment], and no longer"), we hold that the trial judge lacked the authority to consider the motion. Crowley, 227 Va. at 264, 316 S.E.2d at 444; In re Dep't of Corrections, 222 Va. at 464, 281 S.E.2d at 863.

For similar reasons, we hold that we have jurisdiction to consider issues raised in the second motion, which alleged that the conviction should be vacated because Code § 19.2-8 barred "the commencement of . . . a misdemeanor prosecution more than one year after there was cause therefor." This motion raised a claim of a procedural error at the trial. Significantly, Locklear does not claim that the alleged violation of the statute deprived the trial judge of jurisdiction to try and convict him. See, e.g., Biddinger v. Commissioner of Police, 245 U.S. 128, 135 (1917) (holding that "[t]he statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases"); United States v. Matzkin, 14 F.3d 1014, 1017 (4th Cir. 1994) (holding that the statute of limitations in a criminal prosecution "is not jurisdictional" but, rather, "is an affirmative defense that may be waived"); Brooks v. Peyton, 210 Va. 318, 322, 171 S.E.2d 243, 246 (1969) (holding that "the right to a discharge under a statute, which provides that if a person is not tried within the specified time he shall be discharged, is not absolute in the sense that a mere lapse of time ousts the court of jurisdiction"). Because this claim of procedural error was not made in the circuit court within twenty-one days of entry of the

final conviction order, we hold that the trial judge did not have authority to consider the motion. Rule 1:1.

The third motion presents a different issue. In this motion, Locklear requested the trial judge to vacate his conviction because the circuit court "lacked subject matter jurisdiction to convict a transferred juvenile of an offense which was not transferred, nor was he indicted for." This motion falls within the ambit of the Supreme Court's decision in Southerly, where the convicted defendant "filed a motion in the circuit court alleging that the court 'lacked jurisdiction to try him as an adult because the Juvenile and Domestic Relations District Court did not comply with the mandatory . . . requirements of [the] Code.'" 262 Va. at 296, 551 S.E.2d at 651. As we noted earlier, the Supreme Court held that such a challenge to the trial court's jurisdiction is civil in nature when, as in this case, it was not made until more than twenty-one days after the conviction was final. Id. at 299, 551 S.E.2d at 652. Consistent with the holding in Southerly, we transfer to the Supreme Court Locklear's appeal of the trial judge's ruling on his third motion "for further proceedings in accordance with the rules of [the Supreme Court]." Code § 8.01-677.1.

IV.

In summary, we hold that we have jurisdiction to consider Locklear's appeals from the trial judge's denial of the two motions to vacate his conviction in which he alleged his guilty plea was invalid and he alleges his conviction was procured in a prosecution beyond the statute of limitations. We hold, however, that the trial judge lacked authority to consider those motions, and we affirm the denial of both motions. We also hold that we do not have jurisdiction to consider Locklear's appeal from the trial judge's denial of his other motion to vacate his

conviction in which he alleges a defect in subject matter jurisdiction.  In conformance with

Southerly, we transfer the appeal from that ruling to the Supreme Court.

Affirmed, in part, and
transferred, in part.
