COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


VIOREL DRAGHIA

                                                              OPINION BY
v.        Record No. 1056-08-4                       JUDGE ROBERT P. FRANK
                                                               JUNE 30, 2009
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                                  Thomas D. Horne, Judge

           Carl Crews for appellant.

           Robert H. Anderson, III, Senior Assistant Attorney General (Robert
           F. McDonnell, Attorney General, on brief[1]), for appellee.


        Viorel Draghia, appellant, appeals the trial court's denial of his "Motion to Withdraw

Guilty Plea and/or Alternatively for Modification of Sentence."  He contends the trial court erred

1) in applying Rule 1:1 to bar his claim; 2) in finding that his motion for a writ of error coram

vobis had to be advanced by a separate action and not by a motion in the underlying criminal

case; and 3) in not evaluating the merits of a "writ of error coram vobis."[2]  Appellant asks this

Court to remand the matter to the trial court for consideration of his motion to withdraw his

guilty plea or to modify his sentence.  Appellant asks in the alternative for this Court to amend

his sentence.  For the reasons stated, we conclude that Rule 1:1 bars appellant's motion to

withdraw his guilty plea or modify his sentence.  We further conclude that we have no subject

matter jurisdiction to address the writ of error coram vobis.

_____

        [1] Briefs in this appeal were filed before the resignation of Attorney General McDonnell.

        [2] The terms "coram vobis" and "coram nobis" are interchangeable.  See Blowe v. Peyton,
208 Va. 68, 74, 155 S.E.2d 351, 356 (1967).

BACKGROUND

On June 21, 1993, appellant executed a written plea agreement whereby he pled guilty to grand larceny. In exchange for the guilty plea and appellant's promise to pay restitution, the plea agreement provided that appellant would receive a fully suspended two-year sentence and that the Commonwealth would move to *nolle prosequi* another pending charge. Appellant was represented by counsel at the time he executed the plea agreement and entered his guilty plea. The trial court accepted the plea agreement and convicted appellant on June 21, 1993. Appellant did not appeal that conviction.

Nearly fifteen years later, on March 6, 2008, appellant filed a "Motion to Withdraw Guilty Plea and/or Alternatively for Modification of Sentence." Attached to the motion, and made a part of the motion, was a memorandum in which he addressed, *inter alia*, the propriety of a "writ of error coram vobis" as a vehicle to challenge ineffectiveness of counsel in the underlying criminal conviction.

Appellant contended in his memorandum, as he does on appeal, that he received ineffective assistance of counsel prior to his grand larceny conviction. At the hearing on the motion, appellant testified his trial counsel had advised him to plead guilty. Appellant, a "refugee" from Austria, sought asylum in the United States, and became a legal resident alien. Appellant asked trial counsel the effect of a guilty plea upon his efforts to become a United States citizen. Counsel responded such a plea would have no effect on his immigration status. Appellant contends that he pled guilty in reliance on that representation.

In 1998, appellant was denied citizenship because of his grand larceny conviction. Appellant now contends he is at risk of being deported.

The trial court denied the motion, opining Rule 1:1 barred his claim. The trial court did not address the writ of coram vobis, suggesting this extraordinary writ was not before the court.

The trial court indicated its ruling was without prejudice for appellant to file a separate action for writ of coram vobis. The trial court's final order entered May 8, 2008 stated, "ORDERED that the [underlying criminal] order in this case is final under Rule 1:1 without prejudice to the defendant to seek other relief should he be so advised."

ANALYSIS

Appellant first contends the trial court erred in concluding Rule 1:1 barred his claim.

Rule 1:1 states:

> All final judgments, order, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer. But notwithstanding the finality of the judgment, in a criminal case the trial court may postpone execution of the sentence in order to give the accused an opportunity to apply for a writ of error and supersedeas; such postponement, however, shall not extend the time limits hereinafter prescribed for applying for a writ of error. The date of entry of any final judgment, order, or decree shall be the date the judgment, order, or decree is signed by the judge.

In this case, appellant filed his motion nearly fifteen years after entry of the trial court's final order. The trial court ruled that Rule 1:1 prevented the court from ruling on appellant's motion, as the court's jurisdiction expired twenty-one days after the final order was entered. The trial court also made its ruling without prejudice to appellant's right to file an extraordinary writ for relief.

Appellant contends that the trial court erred in finding that his motion was barred by Rule 1:1, because the motion was made on the basis of ineffective assistance of counsel. Appellant's argument ignores our holding in Locklear v. Commonwealth, 46 Va. App. 488, 618 S.E.2d 361 (2005). In Locklear, the appellant's motions were filed ten months after his conviction and included, *inter alia*, a challenge to the validity of his guilty plea. We held that his challenge raised "non-jurisdictional concerns about the adequacy of the advice he received from his

- 3 -

attorney, his lack of understanding of the information he received and of the process, and the trial judge's failure to recognize and correct these same errors." Id. at 497-98, 618 S.E.2d at 366. This Court held that it had jurisdiction over the issues, and we ruled that "because these matters were not raised in the circuit court within the time restraints of Rule 1:1 ('twenty-one days after the date of entry [of the final judgment], and no longer') . . . the trial judge lacked the authority to consider the motion." Id. at 498, 618 S.E.2d at 366 (citing Virginia Dep't of Corrections v. Crowley, 227 Va. 254, 264, 316 S.E.2d 439, 442 (1984)).[3]

As to appellant's request for modification of sentence, we find that Rule 1:1 prevented the trial court's consideration of that request, as it was filed more than twenty-one days after entry of the final order. We therefore affirm the trial court's ruling as to the Rule 1:1 bar.

Appellant further alleges that the trial court erred in refusing to consider his claim, because there is no time limitation to file a writ of error coram vobis. The Commonwealth contends the sole issue before the trial court, and therefore before this Court, is not a writ of coram vobis, but is simply appellant's motion to withdraw his guilty plea or modify his sentence. The Commonwealth's position ignores the wording of appellant's motion, which, in referring to a memorandum that contained the argument on the writ of error coram vobis, indicates it is "attached hereto and made part of Defendant's motion . . . ." The memorandum was filed in the circuit court clerk's office and attached to the motion, and the trial judge considered both the memorandum and the motion. Thus, the memorandum is incorporated in the motion.

While the motion was to withdraw his guilty plea or to modify his sentence, the memorandum addresses coram vobis – a separate issue. Appellant argues in his motion that a "writ of error coram vobis" is a proper procedural vehicle to challenge his underlying conviction

---

[3] See generally Patterson v. Commonwealth, 39 Va. App. 610, 620, 575 S.E.2d 583, 588 (2003) (finding that a trial court has no authority "to retain jurisdiction to modify the previously imposed period of suspension of sentence" beyond the twenty-one-day limit).

based on ineffectiveness of counsel.  The Commonwealth filed a memorandum in response to appellant's motion, disputing the efficacy of a coram vobis motion.  We conclude that the writ of error coram vobis was before the trial court.  However, to the extent that the remainder of appellant's argument addresses the trial court's ruling on the writ of error coram vobis, we find that this Court does not have subject matter jurisdiction.

"The Court of Appeals of Virginia is a court of limited jurisdiction."  Canova Electric Contracting v. LMI Ins., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996).  "As a court of limited jurisdiction, 'we have no jurisdiction over appeals except that granted us by statute.'"  Commonwealth v. Lancaster, 45 Va. App. 723, 730, 613 S.E.2d 828, 831 (2005) (quoting Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991)).

A writ of coram vobis is civil in nature.  See Dobie v. Commonwealth, 198 Va. 762, 769, 96 S.E.2d 747, 752 (1957).  Thus, our jurisdiction is defined by Code § 17.1-405.  This statute confers jurisdiction in this Court for appeals from:

> 1. Any final decision of a circuit court on appeal from (i) a decision of an administrative agency, or (ii) a grievance hearing decision issued pursuant to § 2.2-3005;
>
> 2. Any final decision of the Virginia Workers' Compensation Commission;
>
> 3. Any final judgment, order, or decree of a circuit court involving:
>
>    a. Affirmance or annulment of a marriage;
>    b. Divorce;
>    c. Custody;
>    d. Spousal or child support;
>    e. The control or disposition of a child;
>    f. Any other domestic relations matter arising under Title 16.1 or Title 20;
>    g. Adoption under Chapter 12 (§ 63.2-1200 et seq.) of Title 63.2; or
>    h. A final grievance hearing decision issued pursuant to subsection B of § 2.2-3007.

> 4. Any interlocutory decree or order entered in any of the cases listed in this section (i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause.

A writ of coram vobis falls outside these categories. Therefore, we have no jurisdiction over appellant's coram vobis motion, and we are statutorily barred from considering this appeal as it relates to the writ of error coram vobis.

Our conclusion is further buttressed by the Supreme Court of Virginia's decision in Neighbors v. Commonwealth, 274 Va. 503, 650 S.E.2d 514 (2007), which addressed writs of coram vobis. That appeal was from the Circuit Court of Orange County to the Supreme Court of Virginia. Subject matter jurisdiction of the Supreme Court of Virginia to entertain the appeal, while not addressed in the opinion, was a necessary determination. The Supreme Court would not have reached the merits of the appeal if it had not first found that it had the jurisdiction over the case. Appellate courts have the authority to *sua sponte* raise subject matter jurisdictional issues. See Commonwealth v. Diaz, 266 Va. 260, 268, 585 S.E.2d 552, 556 (2003). The Supreme Court did not do so, thus confirming that the Supreme Court of Virginia has subject matter jurisdiction to hear writs of coram vobis.

Recently, by order in Asbun v. Commonwealth, No. 0707-07-4 (Va. Ct. App. March 14, 2008), an appeal involving a writ of coram vobis, we concluded we had no jurisdiction and transferred the appeal to the Supreme Court of Virginia pursuant to Code § 8.01-677.1. The Supreme Court of Virginia refused the petition for appeal. Asbun v. Commonwealth, No. 080519 (Va. Aug. 25, 2008). However, as in Neighbors, the Supreme Court of Virginia did not deny subject matter jurisdiction.

Finding we have no subject matter jurisdiction to address the writ of error coram vobis, we transfer this case to the Supreme Court of Virginia pursuant to Code § 8.01-677.1.

CONCLUSION

The trial court properly concluded that Rule 1:1 barred its consideration of appellant's motion. We therefore affirm the trial court's ruling. As to the issues regarding appellant's writ of error coram vobis, we transfer the matter to the Supreme Court of Virginia, pursuant to Code § 8.01-677.1.

<u>Affirmed, in part, and transferred, in part.</u>