COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Beales and Senior Judge Clements

SUNRISE ADULT DAY CARE CENTER, LLC

                                                    MEMORANDUM OPINION[*]
v.      Record No. 0160-14-2                              PER CURIAM
                                                       OCTOBER 21, 2014
COMMONWEALTH OF VIRGINIA,
 *ex rel.* DEPARTMENT OF MEDICAL
 ASSISTANCE SERVICES CITIZENS BOARD
 OF THE COMMONWEALTH OF VIRGINIA

                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Clarence N. Jenkins, Jr., Judge

            (Jerrod M. Smith; Jerrod Myron Smith & Associates, on brief), for
            appellant.

            (Mark R. Herring, Attorney General; Cynthia V. Bailey, Deputy
            Attorney General; Kim F. Piner, Senior Assistant Attorney General;
            Jennifer L. Gobble, Assistant Attorney General, on brief), for
            appellee.


        Sunrise Adult Day Care Center, LLC (Sunrise) appeals a ruling of the Circuit Court of

the City of Richmond affirming the September 30, 2011 decision by the Department of Medical

Assistance Services (DMAS).  DMAS denied Sunrise's requests for relief and affirmed the

overpayment determination in the amount of $18,068.26.  The trial court entered its order finding

in favor of DMAS and dismissing the matter on August 16, 2013.  As its three assignments of

error on appeal, Sunrise contends:  1) the trial court erred in finding that any defect in the notice

of the proceedings provided to Sunrise by DMAS was harmless; 2) the trial court erred in

granting DMAS's motion to exclude from the trial record an email message, which Sunrise

attached to its amended petition for relief; and 3) the trial court erred in refusing to conduct a

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

hearing upon its motion to vacate the August 16, 2013 judgment. DMAS moves to dismiss the appeal, arguing the August 16, 2013 judgment became final and was no longer subject to the trial court's jurisdiction twenty-one days after its entry, pursuant to Rule 1:1, and Sunrise did not timely note an appeal within thirty days after August 16, 2013, as required by Rule 5A:6.

Pursuant to Rule 1:1, "[a]ll final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

> "Neither the filing of post-trial or post-judgment motions, nor the court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment is sufficient to toll or extend the running of the 21-day period prescribed by Rule 1:1 . . . . The running of the time . . . may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order."

D'Alessandro v. Commonwealth, 15 Va. App. 163, 166-67, 423 S.E.2d 199, 201 (1992) (quoting School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 556, 379 S.E.2d 319, 323 (1989)).

Rule 5A:6(a) provides: "No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, or within any specified extension thereof granted by this Court under Rule 5A:3(a), counsel files with the clerk of the trial court a notice of appeal . . . ." "The time period for filing the notice of appeal is not extended by the filing of a motion for a new trial, a petition for rehearing, or a like pleading unless the final judgment is modified, vacated, or suspended by the trial court pursuant to Rule 1:1 . . . ." Rule 5A:3(a). "[T]he failure to file a notice of appeal with the clerk of the trial court . . . as required in Rule 5A:6(a) is jurisdictional . . . ." Johnson v. Commonwealth, 1 Va. App. 510, 512, 339 S.E.2d 919, 920 (1986).

On September 5, 2013, Sunrise filed a "Motion and Memorancum [sic] to Vacate Court's Order Dismissing Petitioner's Petition" (September motion). On October 31, 2013, Sunrise filed an "Emergency Motion for Injunctive Relief" against DMAS (October motion). By order entered on November 26, 2013, the trial court found that, pursuant to Rule 1:1, it had no jurisdiction to consider the October motion and denied it. By order entered on December 27, 2013, the trial court found that, pursuant to Rule 1:1, it had no jurisdiction to consider the September motion and denied it. Also on December 27, 2013, Sunrise filed a notice of appeal from the trial court's November 26, 2013 ruling and from the "failed response of the Court" regarding the September motion. Sunrise filed a supplemental notice of appeal on January 23, 2014, stating Sunrise was appealing from the trial court's orders of November 26, 2013 and December 27, 2013.

The first two assignments of error on appeal allege that the trial court's August 16, 2013 decision was incorrect and that the trial court erred in refusing to consider certain evidence in reaching that decision.[1] These issues constitute challenges to the order entered by the trial court on August 16, 2013. However, Sunrise did not file a notice of appeal from the August 16, 2013 order. Accordingly, we must dismiss the first two assignments of error.

Sunrise filed timely notices of appeal from the November 26, 2013 and December 27, 2013 orders denying the September and October motions.[2] However, as no order modifying, vacating, or suspending the August 16, 2013 judgment was entered within twenty-one days thereafter, the trial court properly found on November 26, 2013 and December 27, 2013 that it

---

[1] On April 9, 2013, prior to the July 10, 2013 hearing on the matter, the trial court entered an order granting DMAS's motion to strike from the record several exhibits attached to Sunrise's amended petition for relief, including the email message.

[2] Although it was filed on the thirty-first day after the November 26, 2013 order, the December 27, 2013 notice of appeal is deemed timely filed because the filing deadline was a date on which the trial court was closed. See Code § 1-210.

- 3 -

had no jurisdiction to consider the September and October motions.[3]  See Rule 1:1.  The trial

court did not err in failing to conduct a hearing on a matter over which it lacked jurisdiction.

Therefore, we summarily affirm Sunrise's appeal from the November 26, 2013 and December

27, 2013 orders because the facts and legal contentions are adequately presented in the materials

before the Court and argument would not aid the decisional process.  See Code § 17.1-403; Rule

5A:27.  See also Locklear v. Commonwealth, 46 Va. App. 488, 499, 618 S.E.2d 361, 367 (2005)

(affirming the trial court's denial of motions raised more than twenty-one days after entry of

final judgment).

For the foregoing reasons, we grant in part DMAS's motion to dismiss the appeal with

regard to assignments of error 1 and 2, and affirm the decision of the trial court challenged in

assignment of error 3.

Dismissed in part and affirmed in part.

---

[3] Sunrise contends that consideration of its motion to vacate was not barred by Rule 1:1 by virtue of Code § 8.01-428(D), which provides:

> This section does not limit the power of the court to entertain at any time an independent action to relieve a party from any judgment or proceeding, or to grant relief to a defendant not served with process as provided in § 8.01-322, or to set aside a judgment or decree for fraud upon the court.

Neither the September nor the October motion was an "independent action" requesting relief based upon fraud.  See McEwen Lumber v. Lipscomb Bros. Lumber, 234 Va. 243, 248, 360 S.E.2d 845, 848 (1987) (for purposes of Code § 8.01-428, "a motion filed as a part of the case in which the judgment order was entered is not an 'independent action' to relieve a party from a judgment").  Thus, the exception to Rule 1:1 provided by Code § 8.01-428(D) was inapplicable here.